IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANE DOE,                                          :
    Plaintiff,                                 :
                                               :
    v.                                         :    **CIVIL ACTION NO. 25-CV-7047**
                                               :
CAPITAL WINE & SPIRITS                             :
COMPANY LLC d/b/a *BREAKTHRU*                       :
*BEVERAGE PENNSYLVANIA, et seq.*,                  :
    Defendants.                                :

## MEMORANDUM

**MARSTON, J.**                                                    **March 18, 2026**

Jane Doe files this *pro se* Complaint asserting employment discrimination claims against her former employer under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Pennsylvania Human Relations Act ("PHRA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL"). Doe also seeks leave to proceed *in forma pauperis*, to proceed in this case using a pseudonym, and for the Court to appoint an attorney. For the following reasons, the Court will grant Doe's requests to proceed *in forma pauperis* and anonymously, deny her request for the appointment of legal counsel without prejudice, and dismiss her Complaint without prejudice.

## I.     FACTUAL ALLEGATIONS[1]

Doe names as Defendants her former employer, Capital Wine & Spirits Company LLC d/b/a Breakthru Beverage Pennsylvania ("Breakthru"), and an affiliated entity, Breakthru Beverage Group, LLC. (Compl. at 12–13.) Doe began employment as a Sales Representative for

---

[1] The factual allegations set forth in this Memorandum are taken from Doe's Complaint. (ECF No. 1.) The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

Breakthru in 2021 and transitioned into an Account Development Specialist role in October of 2022. (Compl. at 13.) Doe alleges that she suffers from "medical conditions that substantially limit one or more major life activities" and that she notified Breakthru about these medical conditions and her need for reasonable accommodations. (*Id.*) Without providing any dates, Doe states that she requested unspecified accommodations "related to work schedule flexibility, medical appointments, and functional limitations impacting stamina and mobility." (*Id.*) She further states that her requests "were not fully granted" and that she "experienced delays, denials, or obstructions in obtaining accommodations." (*Id.*)

Doe also alleges that she sought "intermittent and continuous leave" under the FMLA "for qualifying medical reasons" and "experienced difficulties with the administration, approval, or acceptance of medically necessary leave." (*Id.*) When she returned from FMLA leave, Doe was allegedly assigned "modified or reduced job duties and experienced changes in responsibilities that materially affected compensation, workload, or working conditions." (*Id.*) She states that she raised concerns about wages, scheduling, compliance, "workplace conduct, discriminatory language, and supplier-related interactions." (*Id.*) She further states that when she "made protected disclosures and exercised rights under the ADA, PHRA, and FMLA," she was subjected to "adverse actions," such as "increased scrutiny, negative treatment, coerced wage deductions, and unfavorable employment decisions." (*Id.*) Doe was ultimately terminated. (*Id.*) Based on these allegations, Doe asserts claims under the ADA, FMLA, PHRA, and WPCL, and requests money damages. (*Id.* at 14-15.)

## II.    STANDARD OF REVIEW

The Court grants Doe leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged

in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask

only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v.*

*United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by*

*Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Additionally, the Court must dismiss any

claims over which subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time

[and] a court may raise jurisdictional issues sua sponte").  Conclusory allegations do not suffice.

*Iqbal*, 556 U.S. at 678.  Because Doe is proceeding *pro se*, the Court construes her allegations

liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.    ADA Claims

Doe asserts claims for disability discrimination, failure to accommodate, and retaliation

under the ADA.  To state a discrimination claim under the ADA, a plaintiff must allege:  (1) that

she is disabled within the meaning of the ADA; (2) that she is otherwise qualified to perform the

essential functions of the job, with or without a reasonable accommodation; and (3) she suffered an adverse employment decision as a result of the discrimination. *Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 245 (3d Cir. 2020) (citation omitted).  Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).[2]  To meet the pleading standard, claims of unlawful discrimination must be supported by "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," i.e., that the plaintiff was discriminated against in violation of the law. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotations omitted).  Under the ADA, a plaintiff is disabled if she (1) has a "physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." *Eshleman*, 961 F.3d at 245 (citing 42 U.S.C. § 12102(1)).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

Doe has not plausibly pled a discrimination claim under the ADA.  With respect to each element of the claim, Doe makes vague or conclusory allegations, which are insufficient.  For example, she states that she is an individual with disabilities but does not provide any factual details about her medical impairments, including what they are and how they substantially limit any major life activities.  *See Heard v. St. Luke's Hosp.*, No. 08-5494, 2009 WL 3081513, at *3

---

[2] The ADA defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A).

(E.D. Pa. Sept. 28, 2009) (dismissing as "vague and conclusory" plaintiff's ADA discrimination claim that he "suffered from a medical condition that substantially limited one or more of his major life activities").  She also provides no facts about her role with Breakthru, including her job responsibilities and how she was qualified to perform the functions of the job with or without reasonable accommodations.  *See Sadler v. Apple Inc.*, No. 25-4678, 2025 WL 3707307, at \*2 (E.D. Pa. Dec. 22, 2025) (dismissing ADA wrongful termination claim where the plaintiff alleged no facts about his ability to perform the essential functions of the job).  Moreover, Doe alleges that she suffered adverse employment actions, such as job duty modifications, reduced access to "work tools," wage reduction, and ultimately termination, but provides no details about when these actions occurred, who was involved, and how they raise an inference of disability discrimination.  *See Fowler*, 578 F.3d at 212 (noting that an employment claim is sufficient if it "pleads how, when, and where [the employer] allegedly discriminated against [the plaintiff]").

Doe also alleges that Breakthru discriminated against her by denying or delaying reasonable accommodations, such as "workplace flexibility, medical appointments, and functional limitations impacting stamina and mobility" (Compl. at 13), but she provides no details about these requests, including when they were made and what physical or mental impairment they were intended to accommodate.  This is not sufficient to state a plausible failure to accommodate claim.  *See Brister v. Emp. Opportunity & Training Ctr. of Ne. Pa. Inc.*, No. 22-2047, 2023 WL 4424255, at \*2 (M.D. Pa. July 10, 2023) (dismissing ADA claim for failure to accommodate where plaintiff alleged only in conclusory fashion that her employer failed to provide reasonable accommodations for her disability).

Doe also fails to state a plausible ADA retaliation claim.  The ADA retaliation provision states that "[n]o person shall discriminate against any individual because such individual has

5

opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]."  42 U.S.C. § 12203(a).[3]  To state a retaliation claim under the ADA, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal:  (1) that she engaged in a protected employment activity under the ADA; (2) that her employer took an adverse employment action against her; and (3) a causal link between the protected activity and the adverse employment action.  *Krouse*, 126 F.3d at 500; *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  A general complaint about unfair treatment does not constitute protected activity; a plaintiff must allege that she complained specifically about unlawful discrimination.  *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).  Seeking an accommodation is a "protected activity" under the ADA. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010).

Doe's ADA retaliation claims are similarly undeveloped, as she provides only vague and conclusory assertions to support them.  She alleges that she "reported concerns regarding workplace practices, wage deductions, scheduling issues, and compliance matters."  (Compl. at 13.)  While protected activity need not be formal, it must express opposition to alleged discriminatory employment practices under the federal employment statutes.  *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001).  Because Doe provides no details about the "concerns" she raised, including when they were made, who they were made to, and what they concerned, the Court is unable to assess whether they constituted protected employment activity.  *See Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 188 (3d Cir.

---

[3] Because this provision is similar to Title VII's prohibition of retaliation, s*ee* 42 U.S.C. § 2000e-3(a), courts analyze ADA retaliation claims under the same framework used for retaliation claims arising under Title VII. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (citing cases).

2003) ("[I]t is unlawful for an employer to retaliate against an employee based upon the employee's opposition to anything *that is unlawful under the ADA*." (emphasis added)).

Moreover, even assuming that Doe's concerns were protected conduct under the ADA, her retaliation claim nevertheless fails because she does not allege facts supporting a plausible inference that she suffered an adverse employment action *because* she raised these concerns. She alleges that she experienced "adverse actions" such as "increased scrutiny, negative treatment, coerced wage deductions, and unfavorable employment decisions" (Compl. at 13), but provides no details about these "adverse actions," including when they occurred, who was involved, and how they otherwise establish an inference of retaliatory conduct. Doe's allegation that Breakthru "retaliated" against her "through adverse actions" is too vague and conclusory to support a claim. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (explaining that "[a] plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue" and that "discriminatory purpose" is the ultimate conclusion in a discrimination case); *see also Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1302 (3d Cir. 1997) ("[T]he mere fact that adverse employment action occurs after a [protected activity] will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events."), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Accordingly, because Doe has not alleged sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence to support an ADA discrimination or retaliation claim, her ADA claims will be dismissed without prejudice. She may file an amended complaint if she can assert facts to cure the defects the Court has noted.

### B.    FMLA Claims

Doe also alleges FMLA interference and retaliation claims.  Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  "When an employee returns from FMLA leave, the employer must restore the employee to the same or equivalent position he held, with equivalent benefits and with conditions of employment comparable to those [s]he had when [s]he left."  *Ross v. Gilhuly*, 755 F.3d 185, 191 (3d Cir. 2014) (citing 29 U.S.C. § 2614(a)).

An employer may not interfere with an employee's attempt to invoke rights under the FMLA.  *See* 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.").  To state an FMLA interference claim, a plaintiff must allege that (1) she was an eligible employee under the FMLA; (2) her employer was subject to the FMLA requirements; (3) she was entitled to FMLA leave; (4) she gave notice to her employer of her intent to take FMLA leave; and (5) she was denied benefits to which she was entitled.  *Ross*, 755 F.3d at 192.  To be eligible for FMLA leave, an employee must have been employed "for at least 1,250 hours of service with [the] employer during the previous 12-month period."  *Head v. City of Philadelphia*, 627 F. Supp. 3d 444, 447 (E.D. Pa. 2022) (citing 29 U.S.C. § 2611(2)(A)).  Unlike an FMLA retaliation claim, "[a]n interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA."  *Callison v. City of Philadelphia*, 430 F.3d 117, 120 (3d Cir. 2005).

8

An employer may not retaliate against an employee for requesting or taking FMLA leave. *See* 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."). To state an FMLA retaliation claim, a plaintiff must show that (1) she "invoked" her right to "FMLA-qualifying leave"; (2) that she "suffered an adverse employment decision"; and (3) "the adverse action was causally related to [her] invocation of rights." *Ross*, 755 F.3d at 193.

Doe alleges that she was "eligible" for FMLA leave, that she "provided adequate notice," and that Breakthru "interfered" with her rights by "delaying, questioning, obstructing, or failing to properly administer FMLA leave." (Compl. at 14.) She also alleges that, after she "engaged in protected FMLA activity," Breakthru "retaliated against [her] by reducing duties, altering responsibilities, increasing scrutiny, and terminating employment." (*Id*.) Doe's conclusory allegations do not raise a reasonable inference that Breakthru interfered with her FMLA rights or retaliated against her for requesting FMLA leave. Doe does not allege any facts supporting an inference that she was an eligible employee entitled to FMLA leave. *See White v. SP Plus Corp*., 858 F. App'x 488, 490 (3d Cir. 2021) (*per curiam*) (affirming dismissal of FMLA retaliation claim because, *inter alia*, the plaintiff "did not allege sufficient facts from which one could infer that he was eligible for or entitled to FMLA leave"). Moreover, Doe provides no factual details about *how* Breakthru specifically interfered with her FMLA leave or retaliated against her for asserting her rights under the FMLA. *See, e.g.*, *Mohl v. County of Lebanon*, No. 12-0019, 2013 WL 12410275, at *8 (M.D. Pa. Feb. 27, 2013) (finding plaintiff's allegations that he was "eligible" for FMLA leave but "denied" benefits to be insufficient as "entirely devoid of factual

9

support for these conclusory assertions").  Accordingly, Doe's FMLA claims will also be dismissed without prejudice to amendment.

###    C.    PHRA and WPCL Claims

Doe also asserts state law claims under the PHRA and the WPCL.  Disability discrimination claims under the PHRA are interpreted coextensively with their federal counterparts, such as the ADA.  *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)).  The WPCL provides a remedy when an employer breaches its contractual obligation to pay an employee earned wages. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

Because the Court has dismissed Doe's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over her state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  Complete diversity is required, meaning Doe would have to allege that she is a citizen of a state different from each of the Defendants.  *See Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  The citizenship of partnerships and other unincorporated associations, including an LLC, such as Breakthru, is determined by the citizenship of its partners or members.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members.  And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of

unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." (internal quotation marks omitted)).  Doe states that she resides in Pennsylvania.  (Compl. at 12.)  She does not specifically state the citizenship of Defendants, but provides a Pennsylvania address for Capital Wine & Spirits Company LLC d/b/a Breakthru Beverage Pennsylvania and a New York address for Breakthru Beverage Group, LLC.  (*Id*. at 3.)  Accordingly, it appears that Doe and at least one of the Defendants are citizens of Pennsylvania such that diversity jurisdiction does not exist over any state claims Doe asserts.

### D.      Proceeding by Pseudonym

Doe filed this case using the pseudonym "Jane Doe" and states in her Complaint that she intends to proceed in this case anonymously due to "documented domestic violence safety concerns" as well as "confidential medical information related to disabilities."  (Compl. at 12.) Generally, litigants in federal court may proceed anonymously in "exceptional cases" upon a showing of "(1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."  *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (internal quotations omitted).  The United States Court of Appeals for the Third Circuit has identified a non-exhaustive list of factors that are relevant to a litigant's request to proceed by pseudonym.  Factors favoring anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to [her] refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)).

11

Factors that disfavor anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68).

Doe requests to proceed by pseudonym for two reasons: (1) due to concerns for her safety as a result of "documented domestic violence"; and (2) because of "confidential medical information," purportedly related to the claims she asserts in her Complaint. (Compl. at 12.) Doe has provided no details about her medical conditions, including why she believes they are confidential and why disclosure of them would risk her harm. Thus, the Court is unable to determine whether Doe faces a reasonable fear of severe harm from disclosure of her medical information that outweighs the interests of open judicial proceedings. Thus, her request to proceed anonymously on this basis is denied.

However, Doe's alternative reason—safety concerns about "documented domestic violence"—justifies permitting her to proceed using a pseudonym at this juncture. Doe states that the disclosure of her identify on the public docket "would create a substantial risk of harm" but that she will provide her identity to Defendants through counsel or under protective order as directed by the court." (*Id*.) She attaches to her Complaint an April 4, 2025 letter from the Pennsylvania Office of Victim Advocate, indicating that Doe is enrolled in the Pennsylvania Address Confidentiality Program ("ACP"), which was established by the Domestic and Sexual Violence Victim Address Confidentiality Act, 23 Pa. Cons. Stat. Ann. §§ 6701 *et seq.*, and is

12

administered by the Pennsylvania Office of Victim Advocate.[4] (Compl. at 9.) Under the ACP, victims of domestic violence, sexual assault, or stalking have their mail routed through an ACP PO Box "to maintain confidentiality of their residential address." (*Id*.)

In Doe's case, the *Megless* factors weigh in favor of permitting her to proceed anonymously. Because Doe is already participating in the ACP and filed the case anonymously, it is apparent that she has made efforts to protect her identity and location out of concerns for her safety. The bases upon which she fears disclosure are valid and serious. Doe is not a public figure, her case is personal to her and her employer, and there is nothing in the record suggesting that her motives are illegitimate. Although the Court understands the public interest in open proceedings, at this early juncture of the case when Defendants have not yet been served, the Court finds that Doe's reasonable fear of severe harm from disclosure of her identity justifies permitting her to proceed anonymously. *See, e.g.*, *Moe v. Saul*, No. 20-cv-1468, 2021 WL 533745, at *1 (W.D. Pa. Feb. 11, 2021) (granting motion to proceed anonymously where the plaintiff "has been granted protection of her physical location through Pennsylvania's Address Confidentiality Program ('ACP')").

## IV.    CONCLUSION

For the foregoing reasons, Doe will be granted leave to proceed *in forma pauperis* and anonymously (Doc. No. 5), and her Complaint (Doc No. 1) will be dismissed without prejudice.

---

[4] Because the letter appears to include the names of Doe and a minor, the Court will restrict access to the Complaint to public terminal users only. This limits the viewing of the Complaint on the court's CM/ECF system to court users, case participants, and those using the court computer in the Clerk's Office. Pursuant to Local Rule 5.1.3., "[a]s documents in civil cases are publicly viewable (unless filed under seal), personal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed electronically or in paper." *See also* Fed. R. Civ. P. 5.2(a) (regarding personal information in court filings).

Doe will be granted leave to file an amended complaint to clearly set out the factual bases of any claim she seeks to present against Breakthru.  Finally, Doe's Motion for the Appointment of Counsel (Doc. No. 4.) will be denied without prejudice.[5]  An Order with additional instructions for amendment follows.

---

[5] Doe's request for counsel is denied without prejudice as premature.  At this stage of the litigation, Doe's Complaint has not passed the screening stage under 28 U.S.C. § 1915.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (noting that before exercising discretion to appoint counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").  Doe may renew her request after any amended complaint has been screened for merit.  If Doe chooses to file a renewed motion for the appointment of counsel after screening, she should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.